UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

PAH LAW AUNG,[1]

    Petitioner,

v.

JEFFERSON BEAUREGARD
SESSIONS III, *Attorney General*, et al.

    Respondents.

CIVIL NO. 18-951 (MJD/DTS)

ORDER and
REPORT AND RECOMMENDATION

On April 6, 2018 Pah Law Aung ("Aung") filed a Petition for a Writ of Habeas Corpus challenging his continued detention pending deportation. Docket No. 1. On May 9, 2018 the Government filed a response stating that a travel document from Myanmar had been issued on April 23, 2018. *See* Stolley Decl. ¶ 8 and Ex. 6, Docket Nos. 6, 6-6. On June 13, 2018 counsel for the Government verbally advised the Court that Aung was scheduled for a flight on June 19, and a Status Report filed on June 20 confirmed that Aung had been removed from the United States. Docket No. 8. On July 6, 2018 the Government filed a copy of the executed Warrant of Removal/Deportation. Minner Second Decl. ¶ 4, Docket Nos. 9, 9-1 (executed Warrant of Removal/ Deportation).

Article III of the United States Constitution limits the jurisdiction of the federal courts to actual, ongoing cases and controversies. *Haden v. Pelofsky*, 212 F.3d 466,

---

[1] The Order below directs the Clerk to correct Petitioner's name in the case caption. The correct name is Pah Law Aung (not Pang Aung Law). Although two different names appear in the habeas petition [Docket No. 1], Pah Law Aung is the name in the immigration and removal proceedings, on the travel document, and on the executed warrant of removal. *See* Docket Nos. 6-1 to 6-6, 9-1.

469 (8th Cir. 2000). "When, during the course of litigation, the issues presented in a case lose their life because of the passage of time or a change in circumstances . . . and a federal court can no longer grant effective relief, the case is considered moot." *Id.* (omission in original) (internal quotation marks omitted). Mootness deprives the Court of the power to act; there is nothing for the Court to remedy. *Spencer v. Kemna*, 523 U.S. 1, 18 (1998).

Aung has been removed to Myanmar. His habeas petition is thus moot. *See Mhanna v. U.S. Dep't of Homeland Sec. Citizenship & Immigration Servs.,* No. 10-cv-292, 2010 WL 5141803, at *12 (D. Minn. Dec. 13, 2010) ("To the extent that the Court could construe [petitioner's] request for relief as a reviewable habeas claim relating to his ICE detention, however, ICE's removal of [petitioner] from the United States renders any such claim moot.") (citing cases). Mootness deprives the Court of jurisdiction in this action.

## ORDER

For the reasons stated in footnote 1 above, the Clerk is directed to correct the Petitioner's name to Pah Law Aung.

## RECOMMENDATION

For the reasons set forth above, IT IS RECOMMENDED THAT:

1. Pah Law Aung's Petition for a Writ of Habeas Corpus [Docket No. 1] be DENIED AS MOOT.

2. This action be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

Dated: July 13, 2018

*s/ David T. Schultz*
DAVID T. SCHULTZ
United States Magistrate Judge

2

## **NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).